IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03171-RM-NRN

BOARD OF COUNTY COMMISSIONERS FOR DOUGLAS COUNTY, COLORADO,

Plaintiff,

v.

CROWN CASTLE USA, INC. and
T-MOBILE WEST LLC,

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. #49)**

---

**N. Reid Neureiter
United States Magistrate Judge**

Now before the Court is the Defendants Crown Castle USA, Inc. and T-Mobile West LLC's (collectively, the "Company Defendants") Motion for Judgment on the Pleadings. (Dkt. #49.) The Plaintiff, the Board of County Commissioners for Douglas County, Colorado ("Douglas County"), filed a response to the Motion of August 13, 2018. (Dkt. #52.) The Motion was then referred to me by Judge Raymond Moore on August 14, 2018. (Dkt. #54.) The Company Defendants filed their Reply on September 5, 2018. (Dkt. #59.)

The Court scheduled oral argument on the Motion for Judgement on the Pleadings for November 14, 2018. The Court heard oral argument and took the matter under advisement. (Dkt. #67.) Prior to the oral argument, on November 2, 2018, the Parties had filed their respective Motions for Summary Judgment. *See* Company

Defendants' Motion for Summary Judgment (Dkt. #61) and Douglas County's Motion for Summary Judgment (Dkt #62). On the same day that I heard argument, Judge Moore referred the summary judgment motions to me for recommendation. (Dkt. #66.) The Parties filed their respective briefs in opposition to summary judgment on December 17, 2018 (Dkt. #69 and Dkt. #70). I have scheduled argument on the Parties' respective Motions for Summary Judgment for January 9, 2019. (Dkt. #68.)

1. **BACKGROUND**

This case involves an effort by a wireless telephone provider (T-Mobile) and a wireless facilities infrastructure company (Crown Castle) to make modifications to an existing cellular telephone antenna facility in Douglas County, Colorado. Generally, there is a tension between the desire of cellular or wireless telephone companies to make bigger antennas and larger facilities to expand networks for improved coverage, and local governments' desire to maintain zoning, historic, or esthetic restrictions on the size or design of wireless antennae tower installations. Congress has passed legislation, and the Federal Communications Commission ("F.C.C.") has issued regulations, seeking to provide expedited mechanisms for the resolution of these competing interests. This case is reflective of the tension that exists between local zoning authorities and cellular providers, and involves application of the federal legislation and regulations intended to address that tension.

Specifically, the Company Defendants argue that pursuant to Section 6409(a) of the Middle Class Tax Relief and Job Creation Act (the "Spectrum Act"), codified at 47 U.S.C. § 1455(a)(1), Douglas County was required to approve an application for an Eligible Facility Request ("EFR") submitted by the Company Defendants. An EFR is an

application to make a change to an existing wireless tower or base station that does not substantially change the existing facility's physical dimensions. 47 U.S.C. § 1455(a)(1). Federal regulations adopted by the F.C.C. to implement the Spectrum Act define when a proposed improvement should be deemed a substantial change. *See* 47 C.F.R. § 1.40001(b)(7). The Company Defendants say their proposed modification meets the regulation definition. Per regulation, a State or local government "may not deny and shall approve" any EFR that does "not substantially change the physical dimensions" of the existing structure. 47 C.F.R. § 1.40001(c). The Company Defendants further argue that because Douglas County failed to either grant or deny their application within the time prescribed by the F.C.C.'s regulations, the application should be "deemed granted" as a matter of law. *See* 47 C.F.R. § 1.40001(c)(4) (providing for the "deemed granted" remedy in the event the reviewing State or local government fails to approve or deny a request within the timeframe provided for review).

For its part, Douglas County in its Complaint alleges that it did in fact timely deny the Company Defendants' application, and did so because the proposed facility improvements would change "stealth" concealment characteristics of the original facility. According to Douglas County, the original facility was supposed to look like an unadorned utility pole, and the proposed modifications would made it look like a "marshamallow on a stick," negating the concealment characteristics of the original design.

Douglas County accurately points out that the F.C.C.'s definition of what constitutes a "substantial change" includes any modification that "changes the physical

3

dimensions of an eligible support structure" in a way that "would defeat the concealment elements of the eligible support structure." 47 C.F.R. § 1.40001(b)(7)(v).

To summarize the two competing positions, the Company Defendants allege that they submitted a valid EFR application consistent with federal regulations, that Douglas County refused to act on the application, and the application either should be deemed granted because of Douglas County's inaction, or should be found as a matter of law to be an insubstantial change in physical characteristics that must be granted. By contrast, Douglas County's position, as articulated in its Complaint, is that the application was never a valid EFR in the first place because it proposed to change concealment characteristics of the existing facility, and Douglas County properly informed the Company Defendants that it had denied the application. According to Douglas County, the application was denied, and should not be deemed granted because it was never a valid EFR in the first place.

2. **It is recommended that the Company Defendants' Motion for Judgement on the Pleadings be denied without prejudice to the legal arguments contained therein.**

In the Company Defendants' Motion for Judgment on the Pleadings, they argue that the issues raised by Douglas County's complaint and Defendant Companies counterclaims "can be resolved wholly as a matter of law" and therefore the Court should grant judgment on the pleadings. (Dkt. #49 at 2.) Candidly, it does not seem possible that the case could or should be resolved on a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only if the plaintiff's complaint fails to state a claim for relief that is plausible on its face. *Myers v. Koopman*, 738 F.3d 1190, 1184 (10th Cir. 2013). Federal courts generally

4

follow a "restrictive standard" in ruling on motions for judgment on the pleadings, and limit its use to cases "in which there is no substantive dispute that warrants the litigants and the court proceeding further." 5C Wright & Miller, Federal Practice and Procedure Civil 3d §1368 at 222 (3d ed. 2004). And in assessing a motion for judgment on the pleadings pursuant to Rule 12(c), a court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party which, in this case, is Douglas County. *Realmonte v. Reeves*, 169 F.3d 1280, 1283 (10th Cir. 1999).

The parties have made conflicting allegations and assertions about what may have happened in terms of communicating or not communicating Douglas County's denial (or non-denial) of the EFR application. The Parties also make conflicting allegations about whether the original facility had stealth concealment characteristics, and whether the Company Defendants' proposed modifications would materially change or negate those concealment elements. The federal regulations suggest that if the original facility was purposefully built with concealment characteristics, and the proposed modification would change those characteristics, then it is not a valid EFR. 47 C.F.R. § 1.40001(b)(7)(v).

Having made a preliminary review of the competing cross-motions for summary judgment, it also appears that the legal arguments presented in those motions are very similar (if not identical) to the arguments presented on the instant Motion for Judgment on the Pleadings. But it appears that many of the factual allegations in the respective complaints have been fleshed out by the evidentiary materials submitted with the summary judgment motions. Because the Court has already scheduled a hearing on the

cross-motions for summary judgment, and because the Parties have already submitted materials purporting to show the absence of genuine issues of material fact, it makes the most sense at this time to deny the Defendant Companies' Motion for Judgment on the Pleadings without prejudice to the legal arguments raised therein. That way, the Court will be able to assess the legal arguments raised by both sides in the full context of the alleged undisputed material facts presented in the competing summary judgment motions.

3. **Conclusion**

For the reasons stated above, it is **RECOMMENDED** that the Company Defendants' Motion for Judgement on the Pleadings (Dkt. #49) be **DENIED** without prejudice to the legal arguments raised therein. The issues raised in the Motion for Judgment on the Pleadings are better addressed via the Parties' summary judgment motions.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

*Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999);

*Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

                                                           BY THE COURT

Date: December 19, 2018
      Denver, Colorado                   N. Reid Neureiter
                                       United States Magistrate Judge